1  THOMAS P. O'BRIEN
   United States Attorney
2  ROBB C. ADKINS
   Assistant United States Attorney
3  Chief, Santa Ana Office
   GREGORY W. STAPLES (155505)
4  DOUGLAS F. McCORMICK (180415)
   Assistant United States Attorneys
5       United States Courthouse
        411 West Fourth Street, 8th Floor
6       Santa Ana, California 92701
        Telephone: (714) 338-3541
7       Facsimile: (714) 338-3564
        E-mail: doug.mccormick@usdoj.gov
8
   Attorneys for Plaintiff/Respondent
9  UNITED STATES OF AMERICA

10

11              UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                  SOUTHERN DIVISION

14  UNITED STATES OF AMERICA,    )  No. SA CR 05-00214-CJC
                                 )
15           Plaintiff,          )  **GOVERNMENT'S SENTENCING POSITION
                                 )  FOR DEFENDANT LEVAR WASHINGTON;
16           v.                  )  MEMORANDUM OF POINTS AND
                                 )  AUTHORITIES**
17  LEVAR WASHINGTON,            )
                                 )  Date: June 23, 2008
18           Defendant.          )  Time: 10:00 a.m.
                                 )
19  _____  )

20

21        Plaintiff United States of America, by and through its

22  attorney of record, Assistant United States Attorneys Gregory W.

23  Staples and Douglas F. McCormick, hereby files its sentencing

24  position regarding defendant Levar Washington.  The government's

25  position is based upon the attached Memorandum of Points and

26  ///

27  ///

28  ///

1  Authorities, the files and records in this matter, as well as any

2  evidence or argument presented at hearing on this matter.

3  DATED: May 29, 2008              Respectfully submitted,

4                                  THOMAS P. O'BRIEN
                                   United States Attorney
5
                                   ROBB C. ADKINS
6                                  Assistant United States Attorney
                                   Chief, Santa Ana Office
7
                                          /s/
8                                  _____
                                   GREGORY W. STAPLES
9                                  DOUGLAS F. McCORMICK
                                   Assistant United States Attorneys

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION AND PRE-SENTENCE REPORT

Defendant Levar Washington ("defendant") pleaded guilty to one count of seditious conspiracy, in violation of 18 U.S.C. § 2384, and one count of conspiracy to possess firearms in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o). Applying the United States Sentencing Guidelines, the Probation Office calculated that defendant's total offense level is 32, based upon a base offense level of 33 (U.S.S.G. § 2A1.5(a)), a two-level increase because defendant was an organizer or leader (§ 3B1.1(c)), and a three-level decrease because defendant accepted responsibility. Pre-Sentence Report ("PSR") ¶¶ 57-72. The Probation Office found that defendant's criminal history places him in category III. PSR ¶ 74-93. The Probation Office thus concluded that defendant's guideline range, before any departures, should be 151 to 188 months, plus a five-year mandatory consecutive sentence for his violation of 18 U.S.C. § 924(o).

The Probation Officer recommended that the Court impose a four-level upward departure pursuant to Application Note 4 of U.S.S.G. § 3A1.4, to reflect the fact that defendant's seditious conspiracy offense "was clearly calculated to influence or affect the conduct of government by intimidation or coercion and to retaliate against government conduct." PSR Ltr. at 5. Additionally, the Probation Office recommended an additional one category upward departure in defendant's criminal history category to reflect defendant's extensive juvenile criminal

1

history, noting that defendant "has an extensive criminal history and gang involvement that began at age 13 and which has continued unabated, both in and out of custody, to the present day." PSR Ltr. at 6. After applying these two upward departures, the Probation Officer concluded that defendant's adjusted advisory guideline range should be 262 to 327 months, and noted that the statutory maximum sentence of 240 months plus 60 months consecutive is thus the guideline sentence. Id.

The Probation Office then recommended a sentence of 216 months, citing 18 U.S.C. § 3553(a)(6):

> [T]he Probation Office has recommended a variance in the total sentence to 216 months based on the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Pursuant to the terms of a plea agreement [co-defendant Kevin] James pleaded guilty to Count 1 only. In exchange for James's guilty plea, the government agrees to recommend a sentence of 216 months imprisonment. . . . By contrast, pursuant to the terms of Washington's plea agreement, he pleaded guilty to both Counts 1 and 5. There is no agreement as to a specific sentence . . . The Probation Officer does not believe that Count 5, which triggers a five-year mandatory minimum consecutive sentence, should be used to increase Washington's sentence above the sentence that James will receive. . . . [T]he acquisition and use of firearms by Washington and Patterson was reasonably foreseeable to James based on the nature of

2

the conspiracy and the criminal activity that the group jointly undertook.  In fact, the protocol James established for JIS members was to recruit other[] members and acquire weapons to carry out the attacks . . . In short, the total punishment that can fairly and justly be imposed on Washington is necessarily limited by the sentence James will receive.  With a one-category upward departure in Washington's criminal history category, he and James will share the same total offense level and criminal history category.  With no other relevant factors distinguishing them, fairness dictates that they receive proportional sentences.

PSR Ltr. at 6-7.

## II.

### GOVERNMENT'S POSITION

A.   <u>Pre-Sentence Report</u>

The government has no factual or legal objections to the PSR.  The government adopts the factual findings contained in the PSR and concurs in the Probation Office's determination of defendant's criminal history category.  As set forth below, however, the government does not concur in the Probation Office's determination of defendant's offense level.

B.   <u>The Court Should Reduce the Defendant's Total Offense Level by Three Levels for Acceptance of Responsibility</u>

Provided that defendant continues to demonstrate an acceptance of responsibility through the time of sentencing, the government recommends that the Court reduce defendant's offense

3

level by three levels under § 3E1.1, and, to the extent required in that section, moves the court for the third level.

C.  **Consistent with the Plea Agreement, the Government Does Not Recommend the Imposition of a Role Adjustment**

Although the plea agreement is silent about a role adjustment, it stipulates that the parties "agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, relating to either the applicable Offense Level or the Criminal History Category, be imposed." Plea Agreement at 7. In accordance with that stipulation, the government maintains that no adjustment for defendant's role should be applied, and requests the court follow the stipulations contained in the parties' plea agreement.

D.  **Consistent with the Plea Agreement, the Court Should Impose a Four-Level Upward Departure Pursuant to U.S.S.G. § 3A1.4**

U.S.S.G. § 3A1.4 provides for a 12-level enhancement "if the offense is a felony that involved, or was intended to promote, a federal crime of terrorism." Application Note 1 to § 3A1.4 provides that, "[f]or purposes of this guideline, 'federal crime of terrorism' has the meaning given that term in 18 U.S.C. § 2332b(g)(5)." U.S.S.G. § 3A1.4, comment (n.1). Section 2332b(g)(5), in turn, defines "[f]ederal crime of terrorism as an offense that "(A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and (B) is a violation of [one of fifty different federal criminal statutes]". 18 U.S.C. § 2332(B)(G)(5) (emphasis added). Neither of the statutes to which

4

1  defendant pleaded guilty — 18 U.S.C. § 2384 and 18 U.S.C.
2  § 924(o) — are among the listed offenses.

3       However, Application Note 4 to § 3A1.4 states that "there
4  may be cases in which (A) the offense was calculated to influence
5  or affect the conduct of government by intimidation or coercion,
6  or to retaliate against government conduct but the offense
7  involved, or was intended to promote, an offense other than one
8  of the offenses specifically enumerated in [section
9  2332b(g)(5)]." U.S.S.G. § 3A1.4, comment (n.4).  In such cases,
10 "an upward departure would be warranted."  <u>Id.</u>

11      Here, the defendant admitted in his factual basis that he
12 "conspired . . . to oppose by force the authority of the United
13 States government . . . by carrying out attacks on United States
14 military recruiting stations and bases, and targets associated
15 with Israel or the Jewish religion in the Los Angeles area."
16 (Plea Agreement at 15).  Defendant also admitted that he was a
17 member of Jam'iyyat Ul-Islam Is-Saheeh ("JIS"), a group whose
18 goals include the waging of armed struggle or <u>jihad</u> against the
19 United States in retaliation for the policies of the United
20 States against Muslim people throughout the world.  (<u>Id.</u>).  The
21 group's plan to attack U.S. military recruiting centers and
22 synagogues in response to American policies in the Middle East
23 was clearly an act of terrorism.  Thus, pursuant to Application
24 Note 4 to § 3A1.4, an upward departure is warranted.  The parties
25 have stipulated, and the Probation Office has agreed, that a
26 four-level upward departure is warranted by the facts of this
27 case.

28

E.    <u>Consistent with the Plea Agreement, the Government Does Not
      Recommend an Upward Departure for Criminal History</u>

    As noted above, the plea agreement stipulates that the parties "agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, relating to either the applicable Offense Level or the Criminal History Category, be imposed." Plea Agreement at 7. In accordance with that stipulation, the government cannot endorse the Probation Officer's upward departure in defendant's criminal history.

F.    <u>Defendant's Guideline Range Should Be 235-293 Months</u>

    Accordingly, the government believes that defendant's offense level should be calculated as follows:

| | | | |
|---|---|---|---|
| Base Offense Level : | 33 | | U.S.S.G. § 2A1.5 |
| Adjustments– | | | |
| (Terrorism enhancement) | : | +4 | U.S.S.G. § 3A1.4 |
| (Acceptance of responsibility) | : | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level : | 34 | | |

With defendant in criminal history category III, such calculation would yield an advisory guideline range of 188 to 235 months. Defendant also faces a mandatory consecutive sentence of 60 months. (PSR ¶ 133). Thus, defendant's effective advisory guideline range is 248 to 295 months.

G.    <u>The Factors Set Forth in 18 U.S.C. § 3553(a) Warrant a
      Sentence of 295 Months</u>

    When imposing sentence, this court must consider the factors

1  identified in 18 U.S.C. § 3553(a).  One of those factors is the
2  guideline range as determined by the United States Sentencing
3  Guidelines.  See 18 U.S.C. § 3553(a)(4).  That guideline range
4  then becomes, in the words of the Ninth Circuit, "a starting
5  point" that the court should look to when fashioning defendant's
6  sentence.  United States v. Cantrell, 433 F.3d 1269, 1280 (9th
7  Cir. 2006); see also United States v. Carty, 520 F.3d 984, 991
8  (9th Cir. 2008) (en banc) ("[T]he Guidelines are the starting
9  point and the initial benchmark, and are to be kept in mind
10 throughout the process.") (internal quotations and citations
11 omitted).

12     The government believes that a total sentence of 295 months
13 is the appropriate sentence under the § 3553(a) factors.  Such a
14 sentence is warranted by several of the factors set forth in 18
15 U.S.C. § 3553(a), including: the nature and circumstances of the
16 offense, the seriousness of the offense, the need for the
17 sentence imposed to provide just punishment for the offense, and
18 to afford adequate deterrence to criminal conduct.  As set forth
19 in a document seized from defendant's apartment, which was
20 attached to the plea agreement, members of the conspiracy
21 identified potential targets such as the Los Angeles
22 International Airport, Israeli government offices, and military
23 recruiting stations.  Defendant recruited two other members of
24 the conspiracy, and, together with those members, committed armed
25 robbery of gas stations to fund the conspiracy's activities.

26     The Probation Office recommended a total sentence of 216
27 months for a single reason: to achieve parity and avoid
28 "unwarranted sentencing disparit[y]" under § 3553(a)(6) between

7

defendant's sentence and the sentence imposed against co-
defendant Kevin James. (PSR Ltr. at 7). In the words of the
Probation Officer, "the total punishment that can fairly and
justly be imposed on Washington is necessarily limited by the
sentence that James will receive." (Id.). The government
respectfully disagrees for several reasons.

First, there is the practical reality that neither the
parties, the Probation Office, nor the Court know what sentence
James will receive. While it is true, as the Probation Officer
notes, that the government has agreed to recommend a sentence of
18 years (or 216 months), James's sentencing is currently
scheduled for February 2009.

Second, by focusing on disparity between co-defendants, the
Probation Office has misconstrued the purpose of § 3553(a)(6).
"Congress's primary goal in enacting § 3553(a)(6) was to promote
national uniformity in sentencing rather than uniformity among
co-defendants in the same case." United States v. Parker, 462
F.3d 273, 276 (3rd Cir. 2006); see also United States v.
Saeteurn, 504 F.3d 1175, 1181 (9th Cir. 2007) (quoting Parker).

Third, the Probation Office's analysis elevates § 3553(a)(6)
above the other § 3553(a) factors, including the nature and
circumstances of the offense, the seriousness of the offense, the
need for the sentence imposed to provide just punishment for the
offense. The simple fact is that defendant's offense involved
actual armed robberies committed in furtherance of the
conspiracy, while James's offense conduct was limited to conduct
from inside his prison cell. By limiting defendant's punishment
to James's sentence, the Probation Office in effect ignores

8

defendant's more extensive conduct.

Last, § 3553(a)(6) tells the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records <u>who have been found guilty of similar conduct</u>." Here, defendant pleaded guilty to an additional offense, the conspiracy to possess firearms in furtherance of a crime of violence, in violation of 18 U.S.C. 924(o). Defendant is thus facing a sentence for an additional charge to which James has not pleaded guilty. The Probation Officer gives this critical distinction short shrift, simply noting that he "does not believe that Count 5, which triggers a five-year mandatory minimum consecutive sentence, should be used to increase [defendant's] sentence above the sentence that James will receive." (PSR Ltr. at 7). Notwithstanding the Probation Office's conclusion, it is undeniable that defendant and James have been found guilty of different offenses.

In sum, the facts and circumstances of defendant's case warrant a sentence at the high-end of the advisory guideline range.

### III.

### CONCLUSION

For the reasons set forth above, the court should sentence defendant to 295 months imprisonment.